BLUE, Acting Chief Judge,
Dissenting.
I respectfully dissent and would reverse the order denying the motion to suppress. From the record before this court I conclude the search of Lowe’s vehicle was not accomplished pursuant to the search warrant, and I agree with the majority that the search of Lowe’s person was proper only if the vehicle search can be upheld.
The search warrant was for a home and curtilage located on a one lane dirt road in rural Polk County. The warrant was executed at 5:40 p.m. The record does not reflect when Lowe entered the property, but it is clear he and the vehicle were searched soon after his arrival and he was then arrested at 11:40 p.m. I do not argue with the trial court’s rejection of the testimony by neighbors across the street from the home being searched that Lowe was directed into the yard by the deputies conducting the search. I would be very concerned if I believed that law enforcement would ever attempt to expand the bounds of a search warrant in this manner.
My rejection of the validity of the search pursuant to warrant results from the documentation contained within this record. There is nothing within the probable cause affidavit or the testimony of the officers who procured the affidavit that would constitute probable cause for the search of vehicles which are driven onto the property during the search. I would compare this to a “search-all-persons” warrant, which requires evidence be presented to the issuing magistrate supporting the search of anyone in the described home. See Szady v. State, 745 So.2d 1041 (Fla. 2d DCA 1999).
More telling is the failure of the inventory, required by section 933.12, Florida Statues (1995), to include any of the items for which Lowe was arrested. The statute in question requires a return of the warrant and, attached to the return, an inventory of property taken under the warrant. Because the items taken from Lowe’s truck were not part of that inventory, I can only conclude they were not seized pursuant to the warrant. Because the State and the majority opinion concede that the only basis to sustain the legality of the search of Lowe is the warrant, I would reverse the denial of the motion to suppress.